ROGERS *v.* GOLDMAN.

1. LANDLORD AND TENANT—FORFEITURE—ACCRUED RENT RECOVERABLE.

Ordinarily, upon forfeiture for nonpayment of rent, landlord may recover rent accrued to time of regaining possession.

2. FIXTURES—BUILDINGS BECOME PART OF LAND.

Buildings, even while in course of construction on leased land, become part of the land and belong to the lessor.

As to when building erected by lessee on leased premises was permanent improvement within provision of lease against removal, see annotation in 39 A. L. R. 1047.

3. LANDLORD AND TENANT—BUILDINGS ON LEASED LAND MAY NOT
   BE CREDITED ON ACCRUED RENT.

   Under lease requiring that lessees construct buildings on land,
   and providing that on its termination by forfeiture all build-
   ings should belong to lessors, and that lessors should have lien
   on buildings for rents, taxes, insurance premiums, etc., although
   also providing that no compensation should be allowed lessees
   for buildings, in action by lessors for rents accrued up to time
   of forfeiture, lessees are not entitled to have buildings credited
   on accrued rents, since buildings became part of land owned
   by lessors.

Error to Wayne; Webster (Arthur), J. Submitted October 24, 1929. (Docket Nos. 97, 98, Calendar Nos. 34,556, 34,557). Decided December 3, 1929.

Assumpsit by Edward S. Rogers and another against David Goldman and another for rent under a 99-year lease. Assumpsit by Edward S. Rogers and another against David Goldman and another for rent under a 99-year lease and Louis Duskoff and others as sureties on bond for payment of rent. The hearing was joint and judgment was had for plaintiffs in each case. Defendants bring error. Affirmed.

*Finkelston, Lovejoy & Kaplan,* for plaintiffs.

*Beckenstein, Levin & Levin* (*John Sklar,* of counsel), for defendants.

FEAD, J. These are consolidated actions to recover rent accrued under a lease. Plaintiffs had judgments. The lease was for 99 years, provided as part of its consideration that the lessees should construct a $50,000 building on the premises within one year and a $200,000 building within 18 years. The first building was constructed. Rents being in default, forfeiture was had, and lessors regained pos-

session under summary proceedings. These actions are for the rent to the time of repossession.

The lease provided that on its termination, whether by lapse of time or forfeiture, "all buildings and improvements then and at such time upon said demised premises, shall belong to said lessors, and no compensation shall be allowed or paid therefor to said lessees."

Counsel agree that, ordinarily, upon forfeiture for nonpayment of rent, the landlord may recover rent accrued to the time, of regaining possession. 36 C. J. p. 335. The question here is whether such recovery is proper under the terms of the lease.

The lease provided that the lessors had a first lien on all buildings placed on the premises and on the leasehold estate for rents, taxes, insurance premiums, etc.; required that the building should be kept in good repair and free from mechanic and other liens, "so that the security furnished by said buildings for the rents and agreements herein contained shall not at any time be impaired or diminished in value;" and the lessees were required to pay $5,000 as security for the erection of the first building, to be applied as rent if the building was constructed, and to be forfeited as liquidated damages if it was not.

The argument of counsel for defendant is that these provisions demonstrate the intention of the parties "that the building be erected as *security* for performance of the lease;" that the case should be treated as though the security were separate from the property; that, by forfeiture, lessors have appropriated the security to themselves and must account for its value; but because of the forfeiture provision above quoted, they need not account for any excess of value over rent accrued.

No helpful authorities have been cited, and recourse must be had to the construction of the lease and application of principles.

Security to the lessors on a leasehold is legally understandable, because it would cover an estate owned by the lessees. But security or a lien upon the building contemplated by the lease at bar would be an anomaly, because one cannot have a lien on his own property. The building, even while in course of construction, became part of the land and belonged to the lessors. *Bass* v. *Railroad Co.*, 27 C. C. A. 147 (82 Fed. 857, 39 L. R. A. 711) ; *Belden* v. *Farmers & Mechanics' Bank,* 16 Cal. App. 452 (118 Pac. 449) ; *Toellner* v. *McGinnis,* 55 Wash. 430 (104 Pac. 641, 24 L. R. A. [N. S.] 1082) ; 36 C. J. p. 179.

As was said in the *Bass Case*:

"The proposition being established that the title to the building, like that to the land, is in the appellant, it results that the rights of the parties in other respects must be determined on that basis; that is to say, by the same rules as if the building in its original form of construction, with its corner intact, had been upon the lot when the lease was executed."

The language of the lease that the building be security for the rent, etc., evidently refers to financial security and not to security in a legal sense, as a pledge or lien.

The provision for lien on the building having no legal effect, it is not in conflict with the agreement that on termination of the lease no compensation should be allowed lessees for the building. The latter provision is clear, explicit, and applies to the condition confronting us. It forbids a credit, on account of the building, against the debt of accrued rent.

The judgments are affirmed, with costs.

NORTH, C. J., and BUTZEL, WIEST, CLARK, MC-
DONALD, POTTER, and SHARPE, JJ., concurred with
FEAD, J.

WIEST, J. (*concurring*).   Defendants are liable
for the rent.   The security did not release defendants
from their obligation to pay the rent, for that obli-
gation was primary, and it so remained after the
security was rendered inoperative by defendants'
default and the resultant forfeiture.